[Cite as *State v. Zeune*, 2013-Ohio-4156.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, :

      Plaintiff-Appellee, : No. 13AP-147
(C.P.C. No. 09CR-4919)

v. :

      (REGULAR CALENDAR)

Rodney D. Zeune, :

      Defendant-Appellant. :

---

D E C I S I O N

Rendered on September 24, 2013

---

*Ronald J. O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Rodney D. Zeune*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

T. BRYANT, J.

{¶ 1} Defendant-appellant, Rodney D. Zeune, appeals from a judgment entered by the Franklin County Court of Common Pleas denying his petition for postconviction relief. Because we find that the trial court committed no error, we affirm the judgment.

## I. BACKGROUND

{¶ 2} On August 18, 2009, appellant was indicted on one count of trafficking in cocaine, which was at that time a third-degree felony. Appellant entered a not guilty plea, and the case proceeded to a jury trial.

{¶ 3}   At trial, Ayman Musleh testified that he and appellant had been friends for several years, they often used cocaine together, and Musleh sometimes bought cocaine from appellant.  In 2009, Musleh became a confidential informant for the Mt. Vernon Police Department after he was arrested on charges that included a felony cocaine possession charge.  In exchange for the dismissal of these charges, Musleh agreed to purchase cocaine from appellant, who was being investigated by the Drug Enforcement Agency.  On March 5, 2009, Musleh arranged to buy an ounce of cocaine from appellant. After appellant changed the meeting place a couple times, appellant rode in Musleh's car and directed him to drive to an apartment complex near the Columbus airport.  While in route, appellant contacted the drug supplier, Rayshon Alexander, to tell him they were on their way.  After they arrived at the apartment complex, Musleh gave appellant the money to buy the cocaine, and appellant gave the money to Alexander.  Alexander then gave the cocaine to appellant, who handed it to Musleh.  On the way back to appellant's vehicle, appellant snorted some of the cocaine.  Musleh's car had been wired by police investigators so they could listen to what transpired.

{¶ 4}   During the trial, it was disclosed that police had certain tape recordings of telephone calls from Musleh to appellant, including those in which they set up the drug deal, which were not turned over to appellant and his trial counsel during discovery. Appellant did not testify at the trial, his trial counsel did not request a jury instruction on the defense of entrapment, and the trial court did not provide such an instruction.  *See State v. Zeune*, 10th Dist. No. 10AP-1102, 2011-Ohio-5170, ¶ 16-17 ("*Zeune I*").

{¶ 5}   Following trial, the jury found appellant guilty of complicity in trafficking in cocaine.  On October 22, 2010, the trial court sentenced appellant to four years in prison,

with the sentence to be served consecutively to his sentence in a case in a different county. The trial court found that the prison term was not mandatory.

{¶ 6}   On direct appeal from his judgment of conviction and sentence, this court sustained appellant's assignment of error contesting the lawfulness of the sentence "[b]ecause it is unclear what sentence the trial court might have imposed had it realized that appellant was not eligible for judicial release, and because appellant's prison term was mandatory." *Id.* at ¶ 30.   At the same time, however, we rejected appellant's remaining assignments of error, including those in which he contended that the trial court should have instructed the jury on the defense of entrapment and that he received ineffective assistance of his trial counsel, including by his counsel not requesting an entrapment instruction.   Appellant was represented by different counsel in his direct appeal.   Because the court sustained appellant's assignment regarding the sentencing error, we reversed that limited portion of the judgment and remanded the case to the trial court for resentencing.

{¶ 7}   On February 6, 2012, the trial court resentenced appellant to the same four-year prison term, but this time found it to be mandatory pursuant to R.C. 2929.13(F).   On appeal, this court affirmed.   *State v. Zeune*, 10th Dist. No. 12AP-198, 2012-Ohio-5476 ("*Zeune II*").

{¶ 8}   On July 5, 2011, while his appeal in *Zeune I* was pending, appellant, through counsel, filed a petition for postconviction relief.   In his petition, appellant raised two grounds.   Appellant attached his affidavit to the petition.

{¶ 9}   First, appellant claimed that his conviction and sentence are void or voidable because appellee withheld from him and his trial counsel exculpatory evidence—

recorded telephone conversations between appellant and Musleh on March 5, 2009 and several days preceding that date. Appellant stated that Musleh repeatedly promised he would repay appellant $4,500 toward a $6,000 debt owed to him for equipment sold, that was the only reason appellant agreed to help Musleh buy cocaine, and that "[h]ad the audio recordings of telephone conversations between Mr. Musleh and [appellant] been demanded by [his trial counsel], or had they been provided during discovery, [appellant] believe[d] that a successful entrapment defense would have been established at trial." (R. 196-97: Affidavit of Rodney Zeune, at ¶ 6.)

{¶ 10} Second, appellant claimed that his conviction and sentence are void or voidable because he was denied the effective assistance of counsel at trial when his trial counsel did not question Musleh about whether he had told appellant in multiple telephone conversations, including those made on March 5, 2009, that he would give appellant the $4,500 he owed him. Appellant contended that, at trial, when his trial counsel learned that the telephone conversations between Musleh and appellant had been recorded by police, he neither sought their production nor requested a mistrial even though appellant "had made [his trial counsel] aware that Mr. Musleh had made repeated promises to [appellant] about the repayment of the money he owed [appellant], which could form the basis for an entrapment defense at trial." (R. 196-97: Affidavit of Rodney Zeune, at ¶ 4.)

{¶ 11} Plaintiff-appellee, State of Ohio, filed an answer and motion to dismiss the petition, and appellant filed a memorandum in opposition. On February 7, 2013, after this court had issued its decisions in *Zeune I* and *Zeune II*, the trial court denied appellant's petition for postconviction without holding an evidentiary hearing.

## II. ASSIGNMENTS OF ERROR

{¶ 12} This appeal ensued, and appellant assigns the following errors:

[1.] The trial court erred in determining my conviction was not void and/or voidable under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, and Ohio Const. Art. I, § 10.

[2.] Trial court abused its discretion by failing to review evidence prior to dismissing the petition for post-conviction relief

[3.] The [trial] court erred by finding that trial counsel was not ineffective.

## III. DISCUSSION

{¶ 13} Initially, we consider a motion filed by appellant. After the completion of briefing in this case, appellant, on July 26, 2013, filed a "motion to set aside void judgment and sentence" and an addendum to the motion. In his motion and addendum, appellant reargues the assignment of error that he presented in *Zeune II* and raises arguments that he either raised or could have raised in his petition for postconviction relief. A motion seeking to vacate or correct a sentence should be construed as a petition for postconviction relief under R.C. 2953.21. *See State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997); *State v. Mitchell*, 10th Dist. No. 12AP-572, 2013-Ohio-1059, ¶ 5. These petitions must be filed "in the court that imposed sentence." R.C. 2953.21(A)(1)(a). Because appellant's motion and addendum seeking the vacation of his judgment of conviction and sentence is a petition for postconviction relief, it should have been filed in the trial court instead of in an appeal from the denial of his first petition for postconviction relief. Moreover, res judicata precludes a defendant from raising an issue in a postconviction motion if he could have raised the issue on direct appeal. *State v.*

*Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079, ¶ 10.  Therefore, we deny appellant's motion.

{¶ 14} Appellant's assignments of error assert that the trial court erred in denying his petition for postconviction relief without conducting an evidentiary hearing.  Because they are interrelated, we will address them together.

{¶ 15} " '[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.' "  *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 7, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.  An abuse of discretion occurs when the decision is unreasonable, arbitrary, or unconscionable.  *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, ¶ 25.

{¶ 16} "The postconviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment."  *State v. Richardson*, 10th Dist. No. 12AP-640, 2013-Ohio-292, ¶ 8, citing *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994).  It provides an avenue for a criminal defendant to raise constitutional issues where the evidence to support those claims is not contained in the trial court record.  *State v. Murphy*, 10th Dist. No. 00AP-233 (Dec. 26, 2000).  "Postconviction review is not a constitutional right, but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute."  *Richardson* at ¶ 8; *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999).

{¶ 17} To be entitled to an evidentiary hearing on a petition for postconviction relief, the defendant has the initial burden to produce evidence demonstrating a

cognizable claim of constitutional error. *State v. Clinkscale*, 10th Dist. No. 11AP-980, 2012-Ohio-2868, ¶ 19. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun* at paragraph two of the syllabus.

{¶ 18} In his petition, appellant initially raised a claim that the state had improperly withheld audiotapes of conversations between him and Musleh. "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). To prove a *Brady* violation, a defendant must establish that: (1) the prosecution withheld evidence; (2) the defense was not aware of the evidence; and (3) the evidence withheld was material and exculpatory. *State v. Monroe*, 10th Dist. No. 04AP-658, 2005-Ohio-5242, ¶ 17, citing *State v. Johnston*, 39 Ohio St.3d 48 (1988), paragraph four of the syllabus, and *U.S. v. Agurs*, 427 U.S. 97, 103 (1976).

{¶ 19} Appellant's petition did not set forth sufficient operative facts to establish substantive grounds for his *Brady* claim. First, a *Brady* violation involves the post-trial discovery of information that was known to the prosecution, *but unknown to the defense.* *See Agurs* at 103; *State v. Wickline*, 50 Ohio St.3d 114, 116 (1990); *State v. Tucker*, 8th Dist. No. 98685, 2013-Ohio-2527, ¶ 34; *State v. Summers*, 11th Dist. No. 2011-A-0040, 2012-Ohio-4457, ¶ 25; *State v. Summerall*, 10th Dist. No. 03AP-1024, 2004-Ohio-6599, ¶ 44. As the trial court found, "[w]hile it can be assumed that [appellant] was not aware

that his conversations with Musleh were being recorded by government investigators, he certainly was aware of the contents of those conversations since he participated in them." (R. 301, at 6.)  Appellant's knowledge of the content of the conversations is supported by his affidavit attached to his petition for postconviction relief, which emphasized that Musleh repeatedly told him that Musleh would give appellant the $4,500 that he owed him if appellant met him on March 5.

{¶ 20} Second, the evidence was neither exculpatory nor material.  " 'Exculpatory evidence' is defined as evidence favorable to the accused which, 'if disclosed and used effectively, * * * may make the difference between conviction and acquittal.' "  *State v. Rowe*, 92 Ohio App.3d 652, 666 (10th Dist.1993), quoting *U.S. v. Bagley*, 473 U.S. 667, 676 (1985); *Summers* at ¶ 25.  "Evidence is considered material 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 23, quoting *Bagley* at 682.  The touchstone of materiality is a "reasonable probability" of a different result. *State v. Norman*, 10th Dist. No. 12AP-505, 2013-Ohio-1908, ¶ 55.  " 'The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.' " *Id.*, quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

{¶ 21} In his petition, appellant claimed that the withheld audio recordings would have established that the only reason he met with Musleh on March 5, 2009 was that Musleh promised to repay him the $4,500 that he owed to appellant, which would have established an affirmative defense of entrapment.  Entrapment is an affirmative

defense so, the defendant bears the burden to establish it by a preponderance of the evidence. *State v. Daniels*, 10th Dist. No. 09AP-976, 2010-Ohio-3745, ¶ 24. "The defense of entrapment is established where the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute." *State v. Doran*, 5 Ohio St.3d 187 (1983), paragraph one of the syllabus.

{¶ 22} Entrapment is not established, however, "when government officials ' "merely afford opportunities or facilities for the commission of the offense" ' and it is shown that the accused was predisposed to commit the offense." *Doran* at 192, quoting *Sherman v. U.S.*, 356 U.S. 369, 372 (1958). The following factors are pertinent to the issue of whether a criminal defendant is predisposed to commit an offense: (1) the accused's previous involvement in criminal activity of the nature charged; (2) the accused's ready acquiescence to the inducements offered by the police; (3) the accused's expert knowledge in the area of the criminal activity charged; (4) the accused's ready access to contraband; and (5) the accused's willingness to involve himself in criminal activity. *Doran* at 192.

{¶ 23} As detailed in the trial court's decision denying appellant's petition for postconviction relief, the evidence adduced at trial indicates that the withheld audio recordings, even assuming they could be considered exculpatory, were immaterial because appellant's predisposition to commit the drug offense negated any potential entrapment defense:

> Here, [appellant] had previously used cocaine with Musleh.
> [Appellant] knew the source of the cocaine. [Appellant]
> directed Musleh to several locations before finally taking him
> to his source of the drug. [Appellant] "snorted" cocaine during

the return trip following the purchase. [Appellant] had sold cocaine to Musleh on previous occasions. There is no evidence that [appellant] was reluctant to arrange the sale of cocaine. The audio recording of the conversation between [appellant] and Musleh while in Musleh's car showed [appellant's] knowledge of cocaine trafficking. Thus, even if there were evidence that the recordings of telephone conversations between Musleh and [appellant] actually contained a promise by Musleh to repay money [appellant] now claims was owed to him, the totality of the evidence shows no "reasonable probability" that the result of the trial would be different.

(R. 301, at 5.)

{¶ 24} In fact, if obtaining the promised $4,500 that was purportedly owed to him had actually been the sole or primary motivation for appellant to have met with Musleh on March 5, 2009, the evidence rebuts this claim because appellant ended up engaging in the cocaine purchase with Musleh without even asking for or receiving this money.

{¶ 25} Therefore, appellant received a fair trial and his petition and attached affidavit failed to set forth sufficient operative facts to support his first claim of a *Brady* violation.

{¶ 26} Appellant's remaining claim in his petition for postconviction relief alleged that he was denied the effective assistance of counsel at his trial because his trial counsel should have properly raised an entrapment defense and moved for the immediate production of the recorded telephone conversations between Musleh and appellant or for a mistrial once it became clear that tapes of them had been withheld by the state.

{¶ 27} "To secure a hearing on his claim for postconviction relief based on the ineffective assistance of trial counsel, defendant had the initial burden of submitting evidentiary documents that together contain sufficient operative facts which, if believed, would establish (1) counsel substantially violated at least one of the attorney's essential

duties to his or her client, and (2) defendant was prejudiced as a result." *Sidibeh* at ¶ 15. Courts must indulge a strong presumption that an attorney's conduct is within the acceptable, broad range of reasonable professional assistance. *Id.*; *Strickland v. Washington*, 466 U.S. 668, 689 (1984). As the trial court correctly determined, based on the lack of evidence supporting the defense of entrapment, even assuming the veracity of appellant's statements in his affidavit that Musleh induced him to meet with him on March 5, 2009 with the promise of repaying him $4,500, appellant could not show that counsel's performance fell below an objective standard of reasonable representation in either failing to pursue that defense, request the production of the recorded telephone conversations between Musleh and appellant, or move for a mistrial. Nor could appellant show prejudice, i.e., a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when the entrapment defense was not viable. *See also Zeune I* at ¶ 38 (trial counsel was not ineffective for failing to request jury instruction on defense of entrapment because the evidence introduced at trial did not warrant such an instruction).

{¶ 28} Therefore, appellant's petition also failed to set forth sufficient operative facts to support his second claim of ineffective assistance of trial counsel.

{¶ 29} Because appellant's petition for postconviction relief did not contain sufficient operative facts to support his specified grounds and he did not meet his initial burden to produce evidence demonstrating a cognizable constitutional error, the trial court did not err in denying his petition without conducting an evidentiary hearing.

{¶ 30} Finally, insofar as appellant raises additional claims that were not raised in his petition for postconviction relief, e.g., bias on the part of the judge who presided over

his trial, ineffectiveness of his trial counsel for permitting cocaine to be admitted at trial while knowing that it had not been disclosed in discovery, whether Alexander's status as a confidential informant should have been disclosed in discovery, he waived them. *See State v. Barb*, 8th Dist. No. 94054, 2010-Ohio-5239, ¶ 25, citing *State v. McKee*, 9th Dist. No. 96CA006599 (Oct. 1, 1997) (failure to raise issue in petition for postconviction relief results in a waiver of the right to assert the issue on appeal); *Hudson v. P.I.E. Mut. Ins. Co.*, 10th Dist. No. 10AP-480, 2011-Ohio-908, ¶ 12, quoting *Gentile v. Ristas*, 160 Ohio App.3d 765, 2005-Ohio-2197, ¶ 74 (10th Dist.) (" 'It is well settled that a litigant's failure to raise an issue before the trial court waives the litigant's right to raise that issue on appeal.' ").

{¶ 31} Accordingly, appellant's first, second, and third assignments of error are overruled.

## IV. CONCLUSION

{¶ 32} Having overruled appellant's three assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT, P.J., and BROWN, J., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

———————————————